# EXHIBIT "A"

# SUPREME COURT OF THE STATE OF NEW YORK
# COUNTY OF ERIE

| | |
|---|---|
| Ashely Wolf,<br><br>Plaintiff,<br><br>– against–<br><br>M&T Bank Corporation and Simm Associates,<br><br>Defendants. | Index No.<br><br>**SUMMONS**<br><br>**The Basis of the Venue Designated is Defendant's Principal Place of Business** |

To the above-named defendant(s):

YOU ARE HEREBY SUMMONED to appear in the Supreme Court of the State of New York, County of Erie at the office of the Clerk of said Court at 92 Franklin Street, City of Buffalo in the County of Erie, State of New York, within the time provided by law as noted below and to file your answer to the annexed complaint with the Clerk; upon your failure to answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: September 24, 2026

**SAFEGUARD LAW GROUP, PLLC**

By: /s/ Anna Makhnovskaya
Anna Makhnovskaya, Esq.
30 Wall Street, 8th Floor #741
New York, NY 10005
T: (866) 249- 1137
F: (212) 412- 9005
E: Anna.M@safeguardlaw.com
*Attorney for Plaintiff Ashley Wolf*

NOTE: The laws or rules of court provide that:

(a) if this summons is served by its delivery to you personally, you must appear and answer within TWENTY days after such service; or

(b) if this summons is served by delivery to any person other than you personally or is served by any alternative method permissible under the CPLR, you must appear and answer within THIRTY days after such service.

Defendants' Addresses:

M&T Bank Corporation
One M&T Plaza
Fl 20
Buffalo, NY 14203

Simm Associates
800 Pencader Drive
Newark, DE 19702

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF ERIE**

Ashely Wolf,

Plaintiff,

– against–

M&T Bank Corporation and Simm Associates,

Defendants.

Index No.

**COMPLAINT**

**COMPLAINT**

Plaintiff Ashely Wolf f/k/a Ashley Gast ("Plaintiff"), by and through her attorneys, Safeguard Law Group, PLLC ("SLG") f/k/a the Law Offices of Robert S. Gitmeid & Assoc., PLLC ("Gitmeid"), complaining of the Defendants M&T Bank Corporation ("M&T") and Simm Associates ("Simm"), collectively referred to as "Defendants" hereby alleges as follows:

1. This is an action for damages brought by an individual consumer for M&T's breach of contract, Defendants' violations of New York's General Business Law, NY GBL § 349, et seq. (hereinafter, "NY GBL § 349"), and Simm's violations of the Fair Debt Collection Practices Act (hereafter "FDCPA"), 15 U.S.C. § 1692, et seq.

2. The NY GBL § 349 protects consumers from unfair, deceptive, or abusive acts or practices in the conduct of any trade, business, or commerce within the State of New York.

3. The FDCPA prohibits debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts.

## PARTIES

4. Plaintiff is an adult resident of the State of New Jersey, domiciled in Gloucester County, NJ.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

6. Defendant M&T is a for-profit corporation that regularly does business in the State of New York and has its main office located at One M&T Plaza, FL 20, Buffalo, NY 14203.

7. Defendant Simm is an agency engaged in the practice of collecting debts. It maintains its principal office at 800 Pencader Drive, Newark, DE 19702.

8. Simm is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

## JURISDICTION AND VENUE

9. Jurisdiction and venue are proper in this Court. Pursuant to CPLR § 503(a), venue shall be laid, *inter alia,* "in the county in which one of the parties resided when it was commenced," or "the county in which a substantial part of the events or omissions giving rise to the claim occurred."

10. Venue is proper as Defendant, M&T's principal place of business is in Erie County, New York and a substantial part of the events or omissions giving rise to the claims herein occurred in Erie County, New York.

## FACTUAL ALLEGATIONS

11. On or about January 29, 2026, Plaintiff via her attorneys, SLG, entered into a settlement agreement with FMA Alliance Ltd., ("FMA") on behalf of M&T to settle and close Plaintiff's M&T account ending in 8248/8001 (the "M&T Account").

12. Pursuant to the terms of the agreement, Plaintiff agreed to pay a total of $4,787.00 in twelve (12) installments to resolve the account. A recording of the settlement agreement is available upon request.

13. On or about February 5, 2026, SLG contacted FMA regarding an overpayment for the January 2026 payment since FMA collected $409.00 instead of the agreed upon payment of $398.92.

14. During that same call, FMA advised SLG that the M&T Account was recalled and that SLG needs to wait for the M&T Account to be placed with them before taking any action.

15. On or about March 23, 2026, SLG called M&T regarding Plaintiff's account and requested that the M&T Account be honored. M&T advised that Plaintiff's account has been placed with Simm and to contact Simm regarding the M&T Account.

16. On or about March 23, 2026, SLG contacted Simm regarding the M&T Account and requested that they honor the agreed upon agreement.

17. On or about April 9, 2026, SLG, once again, contacted Simm requesting them to honor the agreement; however, Simm refused and offered a new offer of $4,787.00.

18. On or about June 2, 2026, SLG mailed a letter to M&T and Simm outlining the facts and history of the account with a request for further discussion. A copy of the said letter is attached hereto as **Exhibit A.**

19. SLG, to date, has not received a response to the letter from M&T. However, Simm responded but the parties were unable to reach a resolution.

20. At all times pertinent hereto, Defendants acted by and through their agents, servants, and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

21. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for New York law and the rights of the Plaintiff herein.

**FIRST CAUSE OF ACTION**
(Simm's Violations of the Fair Debt Collection Practices Act)

22. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

23. FDCPA 15 U.S.C. § 1692e(10) prohibits any false, misleading, or deceptive representation or means in connection with the collection of a debt.

24. Simm violated provision § 1692(f) of the FDCPA when they unfairly attempted to collect the total amount of $4,787.00 instead of the settlement balance.

25. Simm violated provision § 1692e(2)(a) of the FDCPA when they misrepresented the debt amount as $4,787.00.

26. Simm violated provision § 1692e(10) of the FDCPA when they failed to accept and process the remaining payments in accordance with a valid agreement.

27. Simm violated § 1692e(10) of the FDCPA when they unfairly failed to honor the settlement agreement.

28. Simm violated § 1692e(10) of the FDCPA when they unfairly misrepresented the debt amount.

29. Simm violated § 1692e(10) of the FDCPA when they unfairly attempted to renegotiate a settled account.

30. As a result of the above violations of the FDCPA, Simm is liable to Plaintiff for actual damages, statutory damages, attorney's fees and costs.

**SECOND CAUSE OF ACTION**
(M&T's Breach of Contract)

31. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

32. M&T's actions constitute a breach of contract by refusing to honor a valid agreement.

33. M&T's actions constitute a breach of contract when it prevented the completion of a valid settlement agreement.

34. M&T's actions constitute a breach of contract when it failed to accept the remaining payments in accordance with the agreement.

35. As a result of M&T's breach of contract, Plaintiff has suffered actual and monetary damages.

**THIRD CAUSE OF ACTION**
(M&T and Simm's Violations of NY GBL §349)

36. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

37. NY GBL §349(a) prohibits unfair, deceptive, or abusive acts or practices in the conduct of any trade, business, or commerce within the State of New York.

38. M&T violated NY GBL § 349(a) by deceptively entering into an agreement that they did not intend to abide by.

39. M&T violated NY GBL § 349(a) by entering into a settlement agreement with Plaintiff to accept $4,787.00 to settle her M&T Account but subsequently recalled the account before accepting all payments due under the settlement agreement.

40. Simm violated NY GBL § 349(a) when it attempted to renegotiate on a previously settled account.

41. As a result of the above violations of the NY GBL §349(a), M&T and Simm are liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands that judgment be entered against Defendants as follows:

A. That judgment be entered against Defendants for actual and monetary damages accrued by Plaintiff as a result of Defendant's breach of contract;

B. That judgment be entered against Defendants for actual damages pursuant to NY GBL § 349(h);

C. That judgment be entered against Defendants for statutory damages pursuant to NY GBL § 349(h);

D. That the Court award costs and reasonable attorney's fees pursuant to NY GBL § 349(h);

E. That judgment be entered against Simm for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

F. That judgment be entered against Simm for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

G. That the Court award costs and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

H. That the Court grant such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to CPLR § 4102, Plaintiff demands a trial by jury in this action of all issues so triable.

**[Remainder of Page Blank; Signature Page Follows]**

Dated: September 24, 2026

Respectfully submitted,

**SAFEGUARD LAW GROUP, PLLC**

By: _/s/ Anna Makhnovskaya_
Anna Makhnovskaya, Esq.
30 Wall Street, 8th Floor #741
New York, NY 10005
T: (866) 249- 1137
F: (212) 412- 9005
E: Anna.M@safeguardlaw.com
*Attorney for Plaintiff Ashley Wolf*

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**VERIFICATION BY ATTORNEY**

STATE OF NEW YORK )
) ss.:
COUNTY OF NEW YORK )

I, Anna Makhnovskaya, an attorney duly admitted to practice law in the State of New York, hereby affirm under penalty of perjury:

I am an attorney associated with Safeguard Law Group, PLLC, attorney for Ashley Wolf, Plaintiff in the foregoing matter, with an office located at 30 Wall Street, 8th Floor #741, New York, NY 10005. I have read the foregoing Complaint and know the contents thereof, and that the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters, I believe them to be true.

Dated: September 24, 2026

Respectfully submitted,

*/s/ Anna Makhnovskaya*
Anna Makhnovskaya, Esq.

# EXHIBIT A

LAW OFFICES OF
ROBERT S. GITMEID & ASSOC., PLLC

June 2, 2026

M&T Bank
One M&T Plaza
FL 20
Buffalo, NY 14203

Simm Associates
800 Pencader Drive
Newark, DE 19702

Re: Ashely Wolf f.k.a Ashley Gast
Creditor: M&T Bank
Account No.: Ending in 8248 / 8001
Address: [redacted]

Dear Sir and/or Madam:

Please be advised that this office was retained to represent Ms. Ashley Wolf ("Ms. Wolf") with respect to her claim for Breach of Contract, violations of New York's General Business Law, NY GBL § 349, et seq., (NY GBL § 349) and violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq. related to the above-referenced M&T Bank ("M&T") account ending 8248 / 8001 (the "M&T Account").

On or about January 29, 2026, Ms. Wolf, via her debt settlement representative, entered into a settlement agreement with FMA Alliance Ltd., ("FMA") on behalf of M&T to settle and close her M&T Account. Pursuant to the terms of the settlement agreement. Ms. Wolf agreed with FMA to pay $4,787.00 in twelve (12) payments beginning on January 30, 2026. A recording of the settlement agreement is available upon request.

On or about February 5, 2026, Ms. Wolf's representative called FMA to inquire about an overpayment for the January 2026 payment as FMA collected $409.00 instead of the agreed upon payment of $398.92. FMA advised that the M&T Account was recalled. FMA further advised that they need to wait for the M&T Account to be placed with them before taking any action.

On or about March 23, 2026, Ms. Wolf's representative contacted M&T regarding the M&T Account and having the account honored. M&T advised that the M&T Account has been placed with Simm & Associates ("Simm") and to contact Simm regarding the M&T Account.

On or about March 23, 2026, Ms. Wolf's representative contacted Simm regarding the M&T Account and requesting to honor the agreed upon agreement.

LAW OFFICES OF
ROBERT S. GITMEID & ASSOC., PLLC

On or about April 9, 2026, Ms. Wolf's representative contacted Simm requesting to honor the settlement agreement; however, Simm advised that they are unable to honor the agreed upon settlement agreement and offered a new offer of $4,787.00.

Simm violated the FDCPA by failing to accept payments in accordance with a valid agreement. Simm violated the FDCPA when they unfairly failed to honor a valid agreement. Simm violated the FDCPA when it unfairly attempted to renegotiate a settled account.

M&T's actions constitute a breach of contract where it failed to accept the remaining payments as per the settlement agreement. M&T's actions constitute a breach of contract where it failed to honor a valid agreement. M&T's actions constitute a breach of contract where it prevented the completion of a valid agreement.

M&T violated the NY GBL § 349 when it recalled the account before all payments under the settlement agreement could be made.

As a result of the above violations, Ms. Wolf has suffered considerable damages, including actual damages, statutory damages, and attorneys fee and costs that are recoverable under the applicable laws. I am sure all parties involved can appreciate the need to address this issue and the need to avoid unnecessary litigation. Under the circumstances, we are willing to resolve this matter as quickly as possible. You have seven (7) business days to respond to this letter.

Please be advised that if we do not hear from you in that time frame, this demand shall be deemed withdrawn and we will proceed with further legal process. Thank you for your prompt attention to this matter.

Sincerely,

*/s/ Anna Makhnovskaya*

Anna Makhnovskaya, Esq.
Law Offices of Robert S. Gitmeid & Assoc., PLLC
30 Wall Street, 8th Floor #741
New York, NY 10038
Tel: (866) 249-1137
Email: Anna.M@Gitmeidlaw.com